[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
The plaintiff, Kelly Martell ("the plaintiff"), has brought this action against the defendant, Prentice Hall, Inc., d/b/a Bureau of Business Practice Publishers ("the defendant"), seeking damages for injuries resulting from the defendant's conduct. In a complaint dated April 4, 1997, the plaintiff alleges that she has suffered mental and emotional injuries caused by the defendant's negligent and intentional actions while the plaintiff was in the employ of the defendant.
On June 3, 1997, the defendant filed its answer and special defenses. The defendant's first special defense alleges that the plaintiff's action is barred by the exclusivity of the workers' compensation. The plaintiff has, in a motion dated July 3, 1997, now moved to strike the defendant's special defense on the ground that the exclusivity provision of workers' compensation does not preclude common law actions for recovery for mental and emotional impairment which do not arise from a physical injury or which result from personnel actions by the employer.
In Crochiere v. Board of Education, 227 Conn. 333, 363,630 A.2d 1027 (1993) the court held that "mental disorders, even if not accompanied by physical trauma to the body," are compensable injuries under the provisions of the Workers' Compensation Act.Crochiere, however, was decided prior to the enactment of Public Act 93-228, effective July 1, 1993, which specifically excluded from the definition of personal injury any "mental or emotional impairment, unless such impairment arises from a physical injury or occupational disease." General Statutes § 31-275(16)(B)(ii). Accordingly, recent cases have held that the exclusivity provision of the Workers' Compensation Act does not bar a common-law CT Page 12513 claim for emotional distress where the distress did not arise from a physical injury or occupational disease. See Swaney v.Pfizer, Superior Court, judicial district of New London at New London, Docket No. 541984 (April 13, 1998, Martin, J.); Ogno v.City of Danbury, Superior Court, judicial district of Danbury, Docket No. 318431 (November 22, 1996, Moraghan, J.); Carr v.Devereux Foundation, Inc., Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067464 (September 6, 1995, Pickett, J.). See also Bennet v. Beiersdorf, 889 F. Sup. 46
(D. Conn. 1995).
Since the plaintiff has not alleged that she has suffered emotional distress as a result of physical injury or occupational disease, the exclusivity provision of workers' compensation does not bar the plaintiff's action. The motion to strike the defendant's first special defense, therefore, is granted.
Mihalakos, J.